**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| DWAYNE UNDERWOOD, | : | **Hon. Robert B. Kugler** |
|  | : |  |
| Petitioner, | : | Civil No. 09-4163 (RBK)) |
|  | : |  |
| v. | : |  |
|  | : |  |
| PAUL SCHULTZ, | : | **OPINION** |
|  | : |  |
| Respondent. | : |  |

**APPEARANCES:**

    DWAYNE UNDERWOOD, #53690-066
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey  08320
    Petitioner Pro Se

**KUGLER**, District Judge:

    Dwayne Underwood, a prisoner confined at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his allegedly retaliatory transfer to a gang facility and the conditions of confinement.  This Court will summarily dismiss the Petition, without prejudice to any right Petitioner may have to assert his claims in a properly filed action of the kind authorized by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

**I.  BACKGROUND**

    Petitioner alleges that he is scheduled to be transferred to a gang unit.  He asserts: (1) the transfer is in retaliation for

a lawsuit he brought against Warden Schultz and the medical staff at FCI Fairton[1]; (2) Warden Schultz allows his staff to operate outside the law and to believe the word of snitches; and (3) the aforesaid conditions of confinement violate the Eighth Amendment of the United States Constitution.  Petitioner asks this Court to stop the transfer and to sanction the staff at FCI Fairton for taking retaliatory actions and operating outside the law.

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  The Habeas Rules require a habeas petition to specify all the grounds for relief, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury.  See 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Habeas Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); 28 U.S.C. § 2243.  Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it

---

[1] This Court has reviewed the docket and has not been able to locate any prior proceeding brought by Petitioner in this Court.

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  See 28 U.S.C. § 2254 Rule 4, applicable to § 2241 petitions through Habeas Rule 1(b); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

B.  Jurisdiction

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Federal law provides two avenues of relief to prisoners:  a petition for habeas corpus and a civil rights complaint.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 [or Bivens] action."  Id.  The United States Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights and habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor

3

>would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

In this Petition, Petitioner seeks an order preventing Warden Schultz from transferring Petitioner to a gang unit. He asserts: (1) the transfer is in retaliation for a lawsuit he brought against Warden Schultz and the medical staff at FCI Fairton; (2) Warden Schultz allows his staff to operate outside the law and to believe the word of snitches; and (3) these conditions of confinement violate the Eighth Amendment of the United States Constitution. The problem with the Petition is that, even if this Court were to rule in Petitioner's favor, Petitioner would not be entitled to a writ of habeas corpus because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).

In Woodall v. Federal Bureau of Prisons, 432 F. 3d 235, 243-44 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC"),

pursuant to a federal regulation.  In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from a transfer between prisons:

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution. More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.
>
> The criteria for determining CCC placement are instrumental in determining how a sentence will be "executed." CCCs and similar facilities, unlike other forms of incarceration, are part of the phase of the corrections process focused on reintegrating an inmate into society. The relevant statute specifically provides that a prisoner should be placed in a CCC or similar institution at the end of a prison sentence to "afford the prisoner a reasonable opportunity to adjust to and prepare for ... re-entry into the community." 18 U.S.C. § 3624. CCCs thus satisfy different goals from other types of confinement. We have noted the relatively lenient policies of CCCs as compared to more traditional correctional facilities. CCC pre-release programs often include an employment component under which a prisoner may leave on a daily basis to work in the community. Inmates may be eligible for weekend passes, overnight passes, or furloughs. See <u>United States v. Hillstrom</u>, 988 F.2d 448 (3d Cir.1993); see also <u>United States v. Latimer</u>, 991 F.2d 1509, 1513 (9th Cir.1993) (emphasizing that community confinement is "qualitatively different" from confinement in a traditional prison).
>
> Given these considerations, and the weight of

> authority from other circuits . . . , we
> conclude that Woodall's challenge to the BOP
> regulations here is a proper challenge to the
> "execution" of his sentence, and that habeas
> jurisdiction lies.

Woodall, 432 F.3d at 243-244 (footnotes omitted).

Petitioner in this case challenges a scheduled transfer to a gang unit as retaliatory; he also contends that prison staff are acting outside the law and these conditions violate the Eighth Amendment. However, Petitioner's challenge to the conditions of his confinement is not cognizable under § 2241 because it does not affect the fact or duration of his confinement. See Lee v. Williamson, 297 Fed. App'x 147 (3d Cir. 2008) ("We agree with the District Court that Lee's claims concerning retaliation, denial of placement in the drug treatment program, and medical needs do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition"). Moreover, the Third Circuit has held that a district court lacks jurisdiction under § 2241 to entertain inmate's challenge to a prison transfer. See Zapata v. United States, 264 Fed. Appx. 242 (3d Cir. 2008) (District Court lacks jurisdiction under § 2241 to entertain inmate's challenge to prison transfer); Ganim v. Federal Bureau of Prisons, 235 Fed. Appx. 882, 884 (3d Cir. 2007) (same); Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population).

This Court lacks jurisdiction to entertain Petitioner's challenges to the allegedly retaliatory transfer and to the conditions of his confinement, and will dismiss the action, without prejudice to the filing of a civil rights action of the kind authorized by Bivens, 403 U.S. 388.[2]

### III.   CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.

s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:     September 8    , 2009

---

[2] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee. See Santana v. United States, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of Prison Litigation Reform Act do not apply to in forma pauperis habeas corpus petitions and appeals).  In contrast, the filing fee of a civil complaint is $350.00.  Inmates filing a Bivens action who proceed in forma pauperis are required to pay the entire filing fee in monthly installments, which are deducted from the prison account.  See 29 U.S.C. § 1915(b).  In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Because of these differences, this Court will not sua sponte recharacterize the pleading as a civil complaint.

7